GEORGE LANE & al. vs. SIMON NOWELL & al. and THOMAS NOWELL, *trustee.*

Where the trustee has the actual possession of personal property conveyed to him by the principal, or the right to the actual possession and the power to take immediate possession of it, he must be regarded as having it entrusted to him within the meaning of the trustee statute, and must be charged.

THE facts appearing in the disclosure of *Thomas Nowell*, the trustee, will be found sufficiently in the opinion of the Court.

The question, whether the trustee should or should not be charged, was argued in writing, by *Rogers*, for the plaintiff, and by *Abbott*, for the trustee.

*For the trustee*, it was contended, that the goods were not in his hands and possession within the meaning of the statute. It was uncertain, whether any part of the sales would ever be paid by the vendees or by the auctioneers, or whether the amount would be sufficient to pay the debts for which the assignment was made. *Willard* v. *Sheafe & trustee,* 4 *Mass. R.* 235 ; *Williams* v. *Marston & trustee,* 3 *Pick.* 65 ; *Davis* v. *Ham & trustee,* 3 *Mass. R.* 33. Where the trustee is not the absolute debtor, or has not the effects of the principal in his hands, he cannot be charged. *Grant* v. *Shaw,* 16 *Mass. R.* 341. A trustee is not chargeable for personal property, of which he has only the constructive possession. *Andrews* v. *Ludlow,* 5 *Pick.* 30. In this case he could not turn out the property to be taken on the execution.

*For the plaintiff*, it was said, that the property by the assignment, passed absolutely into the hands of the trustee, and so the

possession of the auctioneers, by his assent, was his possession. *Man. Bank* v. *Osgood,* 3 *Fairf.* 117. The cases cited from 4 *Mass. R.* 235, 3 *Pick.* 65, and 16 *Mass. R.* 341, are cases deciding only, that the liability of the trustee must be absolute, and not conditional, and do not apply to this case.

The opinion of the Court, after a continuance for advisement, was drawn up by

SHEPLEY J. — From the answers of the trustee it appears, that on the eighth day of *January,* 1832, *Simon Nowell* and *Simon Nowell, jr.* conveyed to the trustee, and to certain other creditors, their stock of goods, stated in the answers to be of the value of
about        -        -        $2100,
    The Brig *William,* valued at        2800,
    And her cargo of lumber, valued at    1400,
                                    ————
                                    $6300,

to secure the several persons the amount of their debts, said to have been $4800. Any surplus was to be accounted for to the vendors. On the second day of *February* following, the trustee and other creditors by a written contract agreed, that the trustee should have the possession of the property, which is stated to have been delivered to him ; and he agreed to manage it according to the directions, which a majority of said creditors in interest should, from time to time, give.

The trustee in his answers states, that the brig and cargo were not sufficient to pay the amount due to the creditors ; that the stock of goods had been by him, under the directions of the creditors, placed in the hands of auctioneers to be sold ; and that a part thereof had been sold by them before the service was made upon him. That the goods never were actually in his possession, one of the debtors having kept the key of the store, and that an attachment had been made of part or all the goods by another creditor, and the officer had then taken the key, and before the service of the writ, the goods had been by the consent of the attaching creditor, placed in the hands of the auctioneers for sale, for the benefit of all interested. He states, that the proceeds of these goods were paid over to the creditors to whom they were convey-

ed, and that after payment of all their demands, he paid to the debtors over five hundred dollars, according to the terms of the conveyance.

He now claims to be discharged as trustee, because the stock of goods was never actually in his possession, and his counsel relies upon the case of *Andrews* v. *Ludlow*, 5 *Pick*. 30, as an authority in point. In that case, certain vessels conveyed, were not only at sea, but were mortgaged also to third persons, and the Court say, that the vendee "had no right of possession." And "that a trustee is not chargeable for personal property belonging to the principal of which he had only the constructive possession, but it must be in his actual possession, or within his control, so that he may be able to turn it out to be disposed of on execution."

In the case of *Ward* v. *Lamson & trustees*, 6 *Pick*. 358, the Court held, that the trustee was to be charged for certain property conveyed to him, which was never in his actual possession, and which was in the hands of certain merchants in *New-York*, and which was by the debtor sold after the service upon the trustees and the proceeds paid to them. The cases are not at variance. The principle is the same, that where the party has the actual possession or the right to the actual possession, and the power to take immediate possession, he must be regarded as having the property intrusted to him within the intention of the statute, and must be charged. The trustee in this case, admits in his written contract, that the goods had been delivered to him; and he engages to manage them and account for them. It appears also, that he actually controlled the goods, causing them to be placed in the hands of the auctioneers; and whoever held the key of the store, or had the actual possession must have done so in submission to him. Nor did the auctioneers become accountable to any other person, than the trustee, for the goods, or their proceeds. The trustee, it is true, was obliged to cause the goods to be sold according to the directions of the creditors, but that sale might have been made while he had the actual possession of the goods, if he had been pleased to have directed that manner of sale; and he might have reclaimed the goods from them, no other person having a right to interfere, and have delivered a portion of them to the officer, after paying the claims of the creditors. The attachment made by the officer, and

the delivery of the key to him cannot be regarded as dispossessing the trustee, as he appears to have prevailed and maintained his right to the property. It is also insisted, that the interest of the trustee was contingent, and the case of *Davis* v. *Ham & al. & trustees,* and other cases, are cited and relied upon.

The contingency in those cases was of such a character, that upon certain events happening, the trustee would not be indebted at all to the principal. The trustee was certainly indebted to the principals in the present case, if the amount, realized for the property conveyed, exceeded the amount of the debts secured; and such a contingency cannot prevent the trustee from being accountable for the amount actually received by him. *Hastings* v. *Baldwin,* 17 *Mass. R.* 553.

The trustee must be regarded as having the legal possession of the property at the time of the service of the writ upon him, and he is therefore adjudged trustee.